IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,

    Plaintiff,

v.                                          CASE NO. 3:16-cv-652-RV-GRJ

JULIE F COHEN, and
DAVID J SMITH,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this case by filing a civil rights complaint. ECF No. 1. The Complaint is deficient because Plaintiff failed to either pay the $400.00 filing fee or file a motion for leave to proceed as a pauper. Pursuant to N.D. Fla. Loc. R. 5.3, a party who files a civil case "must simultaneously either pay any fee required . . . or move for leave to proceed *in forma pauperis* [IFP]."

For the following reasons, the Court does not recommend that Plaintiff be required to cure this deficiency because it is clear that the case is due to be dismissed. In screening a *pro se* complaint, the Court must determine whether the action: (1) is frivolous or malicious or fails to state a

claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). While a *pro se* litigant's allegations are entitled to the benefit of liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even a liberal construction will not remedy the deficiencies in Plaintiff's complaint.

Plaintiff sues two individual defendants, Julie F. Cohen and David J. Smith, identified in the Complaint as clerks of court for the U.S. Court of Appeals for the Eleventh Circuit.  Plaintiff's allegations are largely unintelligible.  The only coherent claim is one that apparently stems from an appeal that Plaintiff allegedly sought to file in connection with another case in this Court that recently was dismissed:  *Brewer v. Morgan*, Case No. 3:16-cv-457-MCR-GRJ (N.D. Fla. 11/28/16) (dismissing case for failure to comply with court's orders and failure to state a claim upon which relief

may be granted).  ECF No. 1.  Plaintiff contends that the Eleventh Circuit clerks have refused to file her case or appeal, presumably from the dismissal of *Brewer v. Morgan*.  Plaintiff makes vague allusions to civil rights statutes, the War Crimes Act, the Geneva Convention, and apartheid laws.  Plaintiff seeks monetary damages and other relief.  ECF No. 1.

The Court takes judicial notice that Plaintiff has not filed any notice of appeal in the *Brewer v. Morgan* case.  Further, there are no factual allegations in the Complaint suggesting that the Eleventh Circuit clerks could be liable to Plaintiff for damages or any other relief on any cognizable legal theory.

In addition, venue is proper in a civil action only in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district in which the action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction.  28 U.S.C. § 1391(b).  The named defendants in this case are located in Atlanta, Georgia, and there are no allegations suggesting that they are subject to this Court's personal jurisdiction.  Under 28 U.S.C. § 1406, the district court of a district where

venue is improper "*shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a)(emphasis added). Because Plaintiff's complaint is facially frivolous, it is not in the interests of justice to transfer this case.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend a complaint "should be freely given." See Fed.R.Civ.P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. Because, even liberally construed, the facts alleged do not suggest that Plaintiff could amend her complaint to assert any cognizable claims for relief in this Court, the Court concludes that amendment of the complaint would be futile. *See Foman*, 371 U.S. at 182.[1]

---

[1] In addition to *Brewer v. Morgan*, Plaintiff has filed numerous meritless lawsuits in federal court. As Magistrate Judge Kahn recently detailed, since March 10, 2015, Plaintiff has filed twenty-three complaints, nineteen of which have been dismissed before service, including seventeen cases in the Northern District of Florida. *Brewer v. Federal Bureau of Investigation,* case no. 3:16-cv-460-MCR-CJK (N.D. Fla. Sept. 20, 2016, ECF No. 4).

Accordingly, it is respectfully **RECOMMENDED** that this case should be dismissed as frivolous.  The clerk should be directed to close the file.

**IN CHAMBERS** this 12th day of December 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**